UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CR ACTION NO. 2:20-CR-1070 |
| | § | |
| RANDALL CERVANTES | § | |

### ORDER ON GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERT

Pending are the Government's Objections to Defendant's Designated Expert Witness and Opposed Motion For Mental Examination. (D.E. 36). The Motion has been referred to the undersigned United States Magistrate Judge. A hearing was held on August 9, 2021. For the reasons set forth on the record and summarized below, the Government's objection to the defense expert is **GRANTED in part** and is otherwise **DENIED.** The Government's Motion to Compel a Mental Examination has been withdrawn and is, therefore, **DENIED as moot**.

Defendant Randall Cervantes is charged in count one of the indictment with possessing with intent to distribute approximately 508.7 grams of Tetrahydrocannabinol. (D.E. 1). The undersigned understands the controlled substance at issue to be a concentrated form of THC. Count 2 alleges the defendant used the United States Post Office to commit a felony.

Counsel for the Defendant notified counsel for the Government in writing with notice of his intent to use Jose Ramirez as an expert witness at trial. A written report and a curriculum vitae were also provided to counsel for the Government. (D.E. 36-1, D.E. 36-2). Mr. Ramirez is a Licensed Master Social Worker, a Licensed Chemical Dependency Counselor, and a Substance Abuse Professional. Mr. Ramirez is a proposed expert witness retained by defense counsel in connection with this case.

Counsel for the Defendant intends to request an instruction and raise the lesser included offense of simple possession,[1] or "personal use," as a partial defense to the charge of possession of a controlled substance with the intent to distribute.

The Governments takes issue with the defense expert for several reasons. The main reason is the defense expert opines in his expert report that the defendant did not have the intent to distribute the controlled substances alleged in the indictment, or more specifically Mr. Ramirez writes: "[t]he notion he intended to distribute his drugs appears unfitting." (D.E. 36-2, P. 5, last paragraph).

The Government's objection is well taken. Federal Rule of Evidence 704(b), states: "In a criminal case, an expert witness must not state an opinion

---

[1] Simple possession is a lesser included offense of possession with intent to distribute. *United States v. Lucien*, 61 F.3d 366, (5th Cir. 1995)(citing Rule 31(c) of the Federal Rules of Criminal Procedure). Simple possession of a controlled substance is a misdemeanor in most circumstances, provided the defendant does not have a prior drug conviction. 21 U.S.C. § 844.

about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of the defense. Those matters are for the trier of fact alone."

The Government's objection and/or motion in limine to the defense expert testifying about the defendant not having the intent to distribute is **SUSTAINED**. Counsel for defendant shall instruct Mr. Ramirez not to testify directly about the defendant's intent, or lack of intent, to distribute. In the event defense counsel believes the "door has been opened" during trial, or that the evidence is otherwise admissible, defense counsel shall request a hearing before the presiding United States District Judge and obtain a ruling outside the presence of the jury before soliciting the testimony.

The Government also objects to Mr. Ramirez's expert report because it fails to fully comply with the disclosure and report requirements set forth in Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure. Defense counsel provided notice to the Government of Mr. Ramirez pursuant to Rule 12.2(b) of the Federal Rules of Criminal Procedure, which concerns notice of an expert who will testify about a defendant's mental disease, defect, or mental condition. The Government argues the report does not provide sufficient detail about the expert's opinions or the basis for his opinions.

The Government's objection is **OVERRULED**. The expert report of Mr. Ramirez provides a detailed account of the testing and methodology employed and his opinions which amount to his expected testimony. In summary, this expert will testify there is a high probability the defendant suffers from a substance abuse disorder. This testimony is relevant to the defendant's anticipated defense that he possessed the controlled substances at issue for personal use.

The report, however, contains self-serving statements by the defendant, hearsay and other matters which may not be admissible if offered by the defendant. Therefore, the undersigned admonished the parties that this ruling on the Government's motion is not a ruling on the admissibility of the expert report. The expert report will be duplicative of the expert's testimony and otherwise contains matters that are not admissible.

Finally, counsel for the Government stated she is no longer seeking an independent mental examination of the defendant. Therefore, the Government's motion to compel a mental examination of the defendant is **DENIED as moot**.

ORDERED this 9th day of August, 2021.

_____
Jason B. Libby
United States Magistrate Judge